UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YELENA LEVITIN, and CHICAGO SURGICAL CLINIC, LTD., an Illinois corporation,<br><br>      Plaintiffs,<br><br>vs.<br><br>NORTHWEST COMMUNITY HOSPITAL, an Illinois not-for-profit corporation, ADVANCED SURGICAL ASSOCIATES, S.C., an Illinois corporation, ALAN B. LOREN, WILLIAM D. SOPER, and DANIEL R. CONWAY,<br><br>      Defendants. | 13 C 5553<br><br>Judge Feinerman |

**MEMORANDUM OPINION AND ORDER**

After Yelena Levitin lost her surgical privileges at Northwest Community Hospital ("NCH"), she and her practice, Chicago Surgical Clinic, Ltd. ("CSC"), brought this suit against NCH, Advanced Surgical Associates, S.C. ("ASA"), Alan B. Loren, William D. Soper, and Daniel R. Conway, alleging federal antitrust claims, a hostile work environment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and several state law claims. Doc. 1. Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) was granted as to the antitrust claims and otherwise denied. Docs. 37-38 (reported at __ F. Supp. 3d __, 2014 WL 3940012 (N.D. Ill. Aug. 12, 2014)). Defendants answered and asserted several affirmative defenses, Doc. 64, and then moved under Rule 12(c) for partial judgment on the pleadings on statute of limitations grounds as to the Title VII hostile work environment claim, Doc. 76. The motion is denied.

The complaint's factual allegations are detailed in the above-cited opinion, familiarity with which is assumed. As on a Rule 12(b)(6) motion, the court assessing a Rule 12(c) motion

assumes the truth of the complaint's well-pleaded factual allegations, though not its legal conclusions. *See Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014) ("A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)."); *Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Plaintiffs' brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). The facts are set forth and viewed as favorably to Plaintiffs as those materials permit. *See Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014); *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Levitin practiced surgery at NCH from 2000 to January 2013. Doc. 1 at ¶¶ 62-63. Levitin was subjected to harassment—including verbal abuse, demeaning and humiliating comments, and physical threats and intimidation—beginning "as early as November 2008 and continu[ing] through and including January 2013," when her staff and clinical privileges were revoked. *Id*. at ¶¶ 63, 216-19. Levitin was the only female, Eastern European, Jewish physician at NCH. *Id*. at ¶ 217. Levitin filed a charge of discrimination with the EEOC on February 28, 2013. Doc. 1-1. The EEOC issued a right-to-sue letter on May 6, 2013, Doc. 1-2, and this suit followed on August 8, 2013.

"An individual wishing to challenge an employment practice under [Title VII] must first file a charge with the EEOC. Such a charge must be filed within a specified period (either 180

days or 300 days, depending on the State) after the alleged unlawful employment practice occurred, and if the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court." *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 623-24 (2007) (internal quotation marks and citations omitted), *superseded by statute with respect to compensation practices*, Pub. L. No. 111-2, 123 Stat. 5 (Jan. 29, 2009); *see Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003) (same); 42 U.S.C. § 2000e-5(f)(1). "In Illinois, the charging period is 300 days." *Groesch v. City of Springfield*, 635 F.3d 1020, 1024 n.2 (7th Cir. 2011). The 300-day limitation period begins "when the alleged unlawful employment practice occurred." *Adams*, 742 F.3d at 730 (internal quotation marks omitted) (citing 42 U.S.C. § 2000e-5(e)(1)). Hostile work environment claims "are based on the cumulative effect of individual acts," so "the 'unlawful employment practice' therefore cannot be said to occur on any particular day." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). It therefore "does not matter, for purposes of [Title VII], that some of the component acts of the hostile work environment fall outside the statutory time period." *Id*. at 117; *see Adams*, 742 F.3d at 730 ("a hostile-work-environment charge is timely as long as *any* act falls within the statutory time period") (internal quotation marks omitted).

Defendants argue that Plaintiffs' Title VII claim is untimely, reasoning that the only conduct that could plausibly support a hostile work environment claim occurred years before Levitin's February 2013 EEOC charge. Doc. 78 at 12, 15-16. According to Defendants, the alleged physical intimidation of and verbal attacks on Levitin occurred only in 2008 and 2009, well outside of the statute of limitations. *Id*. at 15-16. Defendants further argue that Plaintiffs cannot use the ultimate revocation of Levitin's hospital privileges in January 2013 as a hook to drag the time-barred allegations into a timely hostile work environment claim. *Id*. at 17-18.

3

True enough, the only *specific* acts of verbal abuse and physical intimidation and threats alleged in the complaint occurred in 2008-2009, well outside the limitations period. Doc. 1 at ¶¶ 114-119. But the complaint elsewhere alleges that Levitin was subjected to verbal abuse and physical intimidation from November 2008 all the way through January 2013. *Id*. at ¶¶ 109-112, 219. Accordingly, the pleadings do not establish as a matter of law that all such conduct occurred outside the limitations period. It follows that the Title VII hostile work environment claim survives dismissal at the Rule 12(c) stage. *See Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) ("Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion."). If discovery shows that the verbal abuse and physical intimidation and threats ended by May 4, 2012, which is 300 days before Levitin filed her EEOC charge, and if Defendants move for summary judgment on limitations grounds, the court then will have to resolve the parties' dispute over whether Defendants' alleged conduct during the limitations period (*e.g.*, subjecting Levitin to the allegedly bogus peer review process), together with the alleged verbal abuse and physical intimidation outside the limitations period, can establish a timely hostile work environment claim.

June 12, 2015

United States District Judge

4