UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YELENA LEVITIN and CHICAGO SURGICAL CLINIC, LTD., an Illinois corporation, | ) ) ) | |
| | ) | 13 C 5553 |
| Plaintiffs, | ) | |
| | ) | Judge Gary Feinerman |
| vs. | ) | Presiding |
| | ) | |
| NORTHWEST COMMUNITY HOSPITAL, an Illinois  an not-for-profit corporation, ADVANCED SURGICAL ASSOCIATES, S.C., an Illinois corporation, ALAN B. LOREN, WILLIAM D. SOPER, and DANIEL R. CONWAY, | ) ) ) ) ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

## <u>MOTION FOR PROTECTIVE ORDER</u>

Plaintiffs, Yelena Levitin and Chicago Surgical Clinic, Ltd., by and through their attorney, Susan Bogart, move the Court pursuant to FRCP 26(c)(1)(B), FRCP 30, FRCP 37, to enter a Protective Order relating to the Depositions of Experts and, in support, state as follows.

### Background

1. This Court has set October 30, 2015 as the day by which Expert Depositions are to be completed.

2. On August 14, 2015, Plaintiffs produced four (4) expert reports. Three of Plaintiffs' experts do not reside in Chicago, IL or in the Northern District, E.D.: Emmons (Champaign IL), Wade (South Bend, IN) and Koler (St. Petersburgh, FL). One resides in the Northern District: Pearson. Plaintiffs have advised defense counsel that they will make all of their experts available for deposition in the Northern District.

3.  Also on August 14, 2015, Defendants produced one (1) expert report, that of Jon Burroughs. Burroughs resides in Conway, NH. It is not clear whether Defendants will produce Burroughs in Chicago, IL. for the reasons noted below.

4.  On September 15, 2015, defense counsel Ann Maher emailed Plaintiffs' counsel advising that "[w]e have arranged for defense expert Dr. Jon Burroughs to be available for deposition on Tuesday October 27, 2015." (Ex. A). Defense counsel requested that Plaintiffs provide dates for the deposition of their expert at their earliest opportunity. Later that day, in response to undersigned counsel's inquiry, defense counsel advised that the defense intended to take the deposition of each of Plaintiffs' experts. Plaintiffs advised that they were not yet able to confirm that they intended to take defense expert Burroughs' deposition. (Ex. B)

5.  Between September 15 and September 18, Plaintiffs contacted each of their four experts and obtained dates for their deposition, forwarding those dates to defense counsel on September 18, 2015. (Ex. C).

6.  On September 21, 2015, upon Plaintiffs' counsel request that Defendants confirm the dates for Plaintiffs' experts' depositions, Defense counsel responded that Plaintiffs' experts should keep their dates open and further advised that defense counsel "will go to the witnesses to save them travel time and expense. We are working on locations and our schedules and will get back to you as soon as possible." (Ex. C).

7.  At a September 22 conference with defense counsel Patrick Coffey following the status before Judge Feinerman, Plaintiffs' counsel discussed the fact that Plaintiffs had agreed to make their three out of town experts available in Chicago, IL, a location that not only permitted Plaintiff Levitin to arrange her surgery schedules to be able to

attend some or all of these depositions, but also did not require her to incur the expenses of her counsel and herself in order to attend out of town depositions, not to speak of losing income as a result of being unable to schedule any surgeries for the dates of depositions and the time involved in traveling to them. Plaintiffs' counsel made the point that Defendants' contention that traveling to the experts saved expenses was not supported as Defendants would have to pay their counsel's travel expenses, which would be equal to or greater than the expenses of an expert's travel expenses in coming to Chicago.

8.  At the September 22 conference, Plaintiffs' counsel also raised the question whether Defense expert Burroughs expected to charge his flat fee daily rate of $ 7000.00 or expected to charge his $ 500/hour rate for review of documents for attendance at his deposition.

9.  On September 22, 2015, Mr. Coffey advised by email that Burroughs fee for a deposition was his flat fee set forth in the engagement materials furnished to Plaintiffs' counsel, in other words, $ 7000.00/day. (Ex. E).

10. Also in his September 22 email, Mr. Coffey advised, in response to Plaintiffs' counsel's request that the dates for depositions of Plaintiffs' be confirmed and that the Defendants' take those depositions in the Chicago area, that he was conferring with his clients and Ann Maher regarding the venue for the depositions and would get back to Plaintiffs' counsel as soon as possible. (*Id.*).

11. On September 22, Plaintiffs' counsel requested by email that Defense counsel reconsider Burroughs' charging a flat fee of $ 7000.00 for his deposition and again

requested that Defense counsel confirm the dates provided for Plaintiffs' experts. (Ex. F).

12. On September 25, 2015, Plaintiffs produced three (3) reports rebutting opinions of Defense expert Burroughs. Two of the reports were by experts previously identified and the third was Dr. Rock, who is located in Chicago, IL.

13. Also on September 25, 2015, Defendants' produced the rebuttal of Lisa C. Snow who resides in Chicago and a "Supplemental Report" of Burroughs.

14. As Rebuttal experts had not yet been disclosed, dates for the depositions of Snow and Rock had not yet been provided. Plaintiffs' counsel has requested a date for Defense rebuttal expert Lisa Snow but to date has not received one.

15. Also on September 25, Defense counsel Ann Maher forwarded an email to Plaintiffs' counsel (Ex. G) advising:

    a) The dates provided for depositions of Plaintiffs' experts were accepted, **but**, contrary to their initial position, they had not made a final determination as to the taking of those depositions and would not until after the close of rebuttal expert submissions;

    b) They would confirm plaintiffs' experts depositions to be taken by close of business on September 29, 2015;

    c) The Defense would agree to take the depositions of Plaintiffs' experts in Chicago at Defense counsel's Chicago Office and "agree to reimburse those plaintiff experts as required by Fed.R.Civ.P. 26(a) for the time they spend in the deposition and a reasonable amount of time preparing for it (citations to cases omitted)";

d) That Defendants would not agree to pay for time or expenses associated with those witnesses' travel to Chicago because the rules and case law did not require them to do so "particularly when we could avoid those costs by subpoenaing them to appear at their places of business"'

e) Dr. Burroughs was available for deposition on October 27 and the defense expected that deposition to occur in Boston. The Defense was amenable to discussing the deposition being taken in Chicago "assuming there is interest and willingness on the part of plaintiffs' to cover his reasonable travel costs (air/hotel)" and Burroughs would charge by his hourly rate for time spent preparing for the deposition and actual time of examination.

16. Plaintiffs' counsel responded stating that she believed the Defense was in error as to their obligation to pay the travel expenses and costs for Plaintiffs' out of town experts depositions and that Plaintiffs' counsel would address this issue in a Motion for Protective Order as well as Burroughs' position that he would charge a flat fee. (*Id.*)

17. On September 28, 2015, Defense counsel requested the authority for Plaintiffs' counsel's position that the defendants were obligated to pay reasonable travel costs and expenses of Plaintiffs' experts when they, as the party seeking to take the deposition, was willing to travel to the expert's place of business. (Ex. H). Defense counsel noted that "[i]f the reason we would agree to conduct any expert's deposition in Chicago[1] would be to avoid the fees and costs of all counsel travelling (which

---

[1] Defense counsel's position here -"if" the Plaintiffs' experts' depositions were taken in Chicago—appears to be contrary to paragraph 3 of their September 25 email stating they would take the Plaintiffs' experts' deposition in Chicago. (See Ex. G)

makes sense), then it also makes sense that the travel expenses of the experts should be borne by the party avoiding the fees and costs and his/her counsel travelling." Defendants reiterated that Burroughs' fee would consist of his hourly rate and that this item was not in dispute. (*Id.*)

18. By email dated September 28, Plaintiffs' counsel responded to the above email, setting forth Plaintiffs' agreements and disagreements and setting forth case support for Plaintiffs' position that the reasonable travel expenses of opposing parties' experts' depositions. (Ex. I).

19. In response, defense counsel stated they would read Plaintiffs' case authority regarding the payment of out of town experts' costs and expenses. (*Id*). Defense counsel proposed an alternate arrangement whereby Plaintiffs cover the expenses of their three out town experts' travel and Defendants cover the expense of Burroughs' travel. (*Id.*) Defendants agreed to allow Plaintiffs until October 5, 2015 to determine whether they intended to take the depositions of Burroughs' who had filed a rebuttal report on September 25, in addition to his initial report, and Snow, who filed a rebuttal to Plaintiffs' damages expert's report. (*Id*). Defendants requested that they too be given until October 5 to identify those of Plaintiffs' experts they would seek to depose.

20. At the close of business on September 29, Plaintiffs' counsel did not hear back from defense counsel regarding the case law provided. As a result, Plaintiffs' counsel sent an email inquiring as to where the parties stood.

21. By email dated September 28 at 10:18 p.m., Defendants' counsel responded and, without providing any legal support for their position, essentially ignored Plaintiffs'

authority, appearing to renege on their agreement to conduct the deposition of Plaintiffs' experts in Chicago saying "[i]t seems to me that since Defendants would not have to incur those expenses if we traveled to conduct the depositions of your out of town expert witnesses at their offices as required by Rule 45, I am inclined to proceed that way", and reiterating their proposal that Plaintiffs' pay for their out of town experts' travel expenses to Chicago. (Ex. J)

22. To date Defendants have not provided Plaintiffs' counsel dates for the depositions of their rebuttal expert Lisa Snow, nor Plaintiffs' rebuttal expert Michael Rock, M.D.

**I.    The Court should order that Defendants' take the Deposition of Plaintiffs' Experts in Chicago and Pay the Reasonable Expenses of those Experts Including Travel Expenses.**

The Court may, for good cause, issue an order specifying terms, including time and place for the disclosure of discovery. Fed. R. Civ. P. 26(c) (1) (B). Plaintiffs have sought to confirm both the dates and places for Plaintiffs' experts' depositions. While Defendants have stated that the dates Plaintiffs proposed for their experts to be deposed were accepted, they have also stated first that they would take those depositions at the experts place of business to save expenses, would take those depositions in Chicago, and now appear to have reneged on the Chicago location.

Plaintiffs have agreed to produce their three out of town experts in Chicago, a location where the action is pending, Plaintiffs' counsel and one of Defendants' counsel practice and reside, a location close to Defense Counsel Ann Maher's Milwaukee, WI location and a place that is more convenient to the parties, all of whom are located in Northern District of Illinois.

Further, contrary to Defendants' counsel's assertion, there will be no costs savings to Defendants and definitely not Plaintiffs by taking these experts depositions at their place of business. First, at least one Defense counsel will have to pay for their travel expenses and lodging to travel to the out of town experts' locations, a cost that would be equivalent if not more than the expert witnesses travelling to Chicago. In addition, conducting these depositions out of town effectively precludes Plaintiff Levitin from attending the depositions, as to do so will require her not only to pay for her travel expenses and lodging, in addition to her counsel's, but as well to cancel and not schedule surgeries on the date of the deposition as well as on the date(s) in which travel is involved. Defendants have not provided any information suggesting that the expense issue as described by Plaintiffs' counsel is not correct. So, it would appear, scheduling the depositions at the location of Plaintiffs' out of town experts' place of business does not appear to lessen the costs to Defendants, but does increase the costs to Plaintiffs.

The rationale for imposing the obligation to compensate out of town experts for their travel expenses and for preparing and attending depositions on the party seeking to take those depositions has been clearly stated by the Advisory Committee's notes accompanying the 1993 Amendments to Rule 26:

> The Committee, which also amended Rule 26 (b) (4) (A) [now Rule 26 (b) (4) (E)] to make it clear that an opposing party was entitled to depose a testifying expert, further stated that "[c]oncerns regarding the expense of such depositions should be mitigated by the fact that the expert's fee for the deposition will ordinarily be borne by the party taking the deposition. The requirement under subdivision (a) (2) (B) of a complete and detailed report of expected testimony of certain forensic experts may, moreover, eliminate the need for some such depositions or at least reduce the length of the depositions.

*Collins v. Village of Woodridge,* 197 F.R.D. 354, 357-58 (N.D. Ill. 1999). The *Collins*

directed that the expenses of the opposing party's expert be compensated by the party

taking the deposition for reasonable time preparing for the deposition and for the time

spent at the deposition. (*Id.*)

The Seventh Circuit has held that these reasonable expenses also include

compensating the reasonable travel expenses of out of town experts. Thus, in *Halasa v.*

*ITT Educational Services, Inc.,* 690 F.3d 844, 852 (7th Cir. 2012), the Seventh

Circuit affirmed the district court's order that the reasonable compensable expenses

to be paid by the party seeking to take an out of town expert's deposition includes

not only deposition preparation but travel to and from the deposition. *Accord, New York*

*v. Solvent Chemical Co., Inc.,* 210 F.R.D. 462, 472 (W.D. N.Y. 2002). In this case, which

Plaintiffs' cited to Defense counsel in email correspondence but which Defense counsel

ignored, the Court rejected the objection to paying travel costs interposed by the party

taking the expert's deposition on the ground that it was the choice of the party whose

expert was deposed to have the expert travel. The Court stated, "[a]s with preparation

time, the district courts in the Second Circuit have held the time spent traveling to

and from the deposition, and the expenses incurred during that travel, as long as they

are reasonable, are compensable under Rule 26 (b) (4) (C) [now 26 (b) (4) (E)]. (*Id.*)

In *Lent v. Fashion Mall Partners,* 223 F.R.D. 317, 318 (S.D.N.Y. 2004), the

district court required the party taking the opposing party's expert deposition to

compensate the expert for time traveling from the New York City metropolitan

airports to the place of the deposition, reasonable travel expenses to and from the New

York City Metropolitan airports and the place of the deposition. The Court ordered the

Plaintiff whose expert was being deposed to pay for air travel and other travel expenses

because, unlike in the case of Plaintiffs here, the plaintiff was not able to explain why

an out of town expert was necessary. (*Id.*)  In the instant case, Plaintiffs were not able to

retain the services of a local area general surgeon with the requisite experience

in the various types of general surgery procedures performed by Plaintiff Levitin as

well as knowledgeable and experienced in peer review processes because the individual

defendants Conway, Loren and Soper, were known to them, shared patients with them,

attended Loyola's Medical School with them, or was unwilling to jeopardize referral

arrangements and other professional associations, or had affiliations with

Northwest Community Hospital. Indeed, Plaintiffs contacted a general surgeon from

Indiana who felt similarly conflicted.  Dr. Amy Koler from Florida did not share

these conflicts but had practiced in the Chicago land area and is licensed to practice

medicine in Illinois, has expertise in the general surgical procedures at issue in this

case and experience with administering peer review processes.

  Additionally, Plaintiffs were not able to locate a person knowledgeable about

the requirements for bylaws in the state of Illinois, under the Joint Commission's

standards and the application of these requirements as to hospitals as well as

practitioners, who was located in the Chicago land area but who was not involved in the

Levitin administrative proceedings. Keith Emmons from Champaign Illinois is an

Attorney licensed in the state of Illinois, is familiar with the requirements of bylaws

in this state including by statute and case law, knowledgeable about the Joint

Commission's Standards and knowledgeable about the application of these laws

as to practitioners and hospitals.

  Finally, Plaintiffs were not able to locate a person knowledgeable about the

governance of hospitals within the Northern District of Illinois. Robert Wade is an expert in governance issues with hospitals and has held and holds governance positions with hospitals but is not conflicted. He is located nearby in South Bend Indiana. Where they could, Plaintiffs found experts in the local area- Plaintiffs' damages expert and an expert rebutting the opinions of Defense expert Burroughs.

Thus, in the instant case, Plaintiffs respectfully request that this Court order Defendants to pay the travel expenses of Plaintiffs' experts particularly because Defendants' explanation as to why it will not—it wants to save expenses by travelling to the expert—is specious since Defendants' costs to travel to the experts will be no less than and conceivably more than the costs of paying for the expert to travel to Chicago. Not being rooted in fact, Defendants' position can only be explained by a desire to impose costs on Plaintiffs that would not exist if the expert travelled to Chicago, a fact which would also not deprive Plaintiff Levitin of an opportunity to attend her expert's depositions without the necessity of incurring additional costs for her travel as well as incur lost income in her surgical practice.

WHEREFORE, for the above stated reasons and because the parties' are at an impasse after reasonable attempts to resolve these issues, Plaintiffs respectfully request that this Court enter an order setting the place for the deposition of experts as Chicago, IL, requiring Defendants' to pay the reasonable expenses of deposing Plaintiffs' experts including their reasonable expenses related to travel to Chicago and provide dates for the deposition of their rebuttal expert, Lisa Snow.

Respectfully submitted,

Plaintiffs,

By: _____

Susan Bogart
Law Offices of Susan Bogart
70 West Madison St., Ste. 1400
Chicago, IL  60604
(312) 214-3271