UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| YELENA LEVITIN, et al., | ) | |
|---|---|---|
| | ) | Case No. 13 C 5553 |
| Plaintiffs, | ) | |
| | ) | Judge Gary Feinerman |
| v. | ) | |
| | ) | Magistrate Judge M. David Weisman |
| NORTHWEST COMMUNITY HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Yelena Levitin and Chicago Surgical Clinic, Ltd. (collectively, "Plaintiffs") bring a cause of action alleging a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and several state law claims against Northwest Community Hospital, Advanced Surgical Associates, S.C. ("ASA"), Alan B. Loren, William D. Soper, and Daniel R. Conway (collectively, "Defendants"). This case is before the Court on the parties' dispute regarding which documents shall remain under seal in connection with the parties' summary judgment materials. (*See* dkt. 223, 287; *see also* dkt. 297, p. 4.) For the reasons set forth below, the Court defers its ruling on which documents shall remain under seal in connection with the pending motions for summary judgment until after the district court has ruled on the substantive motions.

## Background

On April 21, 2016, Judge Feinerman instructed the parties to file simultaneous briefs arguing their respective positions as to which filed documents shall remain under seal and referred the matter to this Court for resolution. (Dkt. 287.) After the parties submitted their

memoranda, (dkt. 297, 298), the Court directed the parties to address at oral argument particular issues of interest to the Court in resolving this dispute. (Dkt. 322.)[1] Much of the Court's additional inquiry sought elaboration on the parties' arguments regarding whether the documents at issue would underpin the district court's ruling on the motions for summary judgment and whether this Court could even predict an answer to that question in advance of the district court's decision. (*See id.*; *see also* dkt. 297, pp. 4-11; dkt. 298, pp. 11-13; dkt. 326, pp. 1-8.) The Court then heard oral argument on August 4, 2016.

Because it impacts the Court's calculus, it bears noting which issues the parties have and have not raised on summary judgment before the district court. Plaintiffs moved for partial summary judgment as to the issue of immunity. (Dkt. 236.) Defendants moved for summary judgment on the Title VII claim positing various arguments, including that Plaintiffs cannot establish an employment relationship, that the claim is untimely, and that Plaintiff cannot establish as a matter of law disparate treatment or retaliation. (Dkt. 167.) Defendants have also raised the issue of immunity as to the state law causes of action and claim that the defamation, false light, and Illinois Uniform Deceptive Trade Practices Act claims are statutorily time-barred. (*Id.*) Defendants' motion for summary judgment thus does not raise the substance of Plaintiffs' state law claims. At oral argument, Defendants represented to this Court that the parties will appear before the district court on August 11, 2016, and they anticipate a ruling on the motions for summary judgment on that date or soon thereafter.[2]

---

[1] Plaintiff's counsel also filed a supplemental submission in response to the questions raised by the Court's July 22, 2016 order. (Dkt. 326.)

[2] At oral argument, Plaintiffs urged the Court to definitively dispose of this dispute immediately. Defendants, however, expressed no opposition to awaiting the district court's decision on summary judgment.

2

**Dispute Concerning Which Documents Shall Remain Under Seal**

**I. Categories of Information in Dispute**

In their initial simultaneous submissions, the parties identify the categories of documents they believe remain in dispute as to the propriety of maintaining such information under seal. Plaintiffs point to two categories of documents: (1) certain statements and information contained in the professional review action involving Dr. Levitin; and (2) the identities of Defendants[3] Conway, Loren, and Soper; non-defendant surgeons affiliated with ASA; and witness Dr. Alexandra Roginsky,[4] who are listed on Plaintiffs' summary chart and in Plaintiffs' Expert's opinions. (Dkt. 297, pp. 4-8.)

Defendants, for their part, identify three categories of documents they believe to be in dispute as to whether the information should remain sealed. Those categories are: (1) specific references to Drs. Levitin, Conway, Soper, and Loren, *i.e.,* the doctors named as parties to this lawsuit; (2) specific references to Drs. Barnett, Bilimoria, Mahon, and Rao, *i.e.*, doctors affiliated with Defendant ASA but not parties to this lawsuit, and witness Dr. Roginsky; and (3) the documents containing the alleged false statements made by Defendants. (Dkt. 298, p. 1.) Thus, the parties essentially agree as to what information remains in dispute. They simply provide a slightly different categorical breakdown.

**II. Discussion**

Plaintiffs' view regarding the allegedly false and defamatory information is that "certain statements and information contained in the professional review action involving Levitin should

---

[3] The individual Defendants are named solely for the purposes of the state law causes of action. As a matter of law, they cannot be named defendants in the Title VII federal cause of action. *See* 42 U.S.C. § 2000e(b) (defining employer); (*see also* dkt. 298, p. 10 (citing *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (arguing that Drs. Conway, Loren, and Soper are not and cannot be defendants with respect to the Title VII claims because individual liability does not fall within the scope of Title VII's definition of employer))).

[4] Dr. Roginsky is an employee of Plaintiff. (Dkt. 297, p. 4.)

3

not be unsealed and disclosed … [because the information] will not influence or underpin the district court's decisions on summary judgment." (Dkt. 297, p. 5-6 (footnote omitted).) Plaintiff reasons that such information cannot influence the district court's summary judgment decision since the substance of the allegedly false statements and information are not even at issue in either of the pending cross motions for summary judgment. (*Id.*)

Defendants counter that whatever privacy interest Dr. Levitin might have had evaporated by virtue of her choice to pursue these claims in a public forum. (Dkt. 298, p. 12.). In other words, by filing defamation, false light, and negligent misrepresentation claims specifically based on the statements at issue in the present dispute, "the public has a heightened interest in being able to access" those statements. (*Id.* at 15 (citing *Promega Corp. v. Life Techs. Corp.*, No. 10-CV-281-BBC, 2010 WL 3121811 (W.D. Wis. Aug. 9, 2010))).

As to the named defendant doctors, Plaintiffs assert that Defendants' identities will necessarily influence the district court's decision on summary judgment because they are the individuals who allegedly harassed Dr. Levitin and directed the peer review process to which Dr. Levitin was subjected. (*See* dkt. 297, p. 7.) Moreover, because Defendants were allegedly treated more favorably, Plaintiffs believe the district court will use Defendants as comparators when analyzing the summary judgment briefs. (*Id.*) Plaintiffs further argue that because "[t]here is a long-recognized presumption in favor of public access to judicial records," (*id.* citing *In re Continental Securities Litigation*, 732 F.2d 1302, 1309 (7th Cir. 1984)), the other affiliated doctors and witness Dr. Roginsky's identities should not remain under seal. (Dkt. 297, pp. 11-14.) Plaintiffs contend that no good cause exists to overcome the default presumption. (*Id.*)

Defendants take an opposing view. Defendants assert that the public's interest in having this information is slight compared to the policy need to ensure the confidentiality of peer review

4

proceedings so as not to create a disincentive for doctors to participate in the peer review process.[5]  (Dkt. 298, p. 7-8, 11.)  Defendants further contend that although Plaintiffs filed the documents at issue, they never refer to the exhibits at issue in their summary judgment brief much less set forth any argument invoking the need for reference to those exhibits.  (*Id.* at 12.)  Thus, Defendants argue, there is no reason to believe the district court will rely on these documents in its decision on summary judgment, and a strong policy reason exists to err on the side of nondisclosure.

While the foregoing demonstrates the parties' nearly polar-opposite views regarding a resolution of this matter, the parties agree on the applicable law.  Plaintiffs cite the Seventh Circuit decision in *Baxter Int'l Inc. v. Abbott Labs* for the proposition that "very few categories of documents are kept confidential *once their bearing on the merits of a suit has been revealed*."  (Dkt. 326, p. 6 (citing 297 F.3d 544, 546 (7th Cir. 2013) (emphasis added))).  Similarly, Defendants at oral argument directed the Court's attention to another Seventh Circuit decision in *City of Greenville v. Syngenta Crop Production, LLC*, 764 F.3d 695 (7th Cir. 2014).  Therein, the court of appeals remarked about its "repeated statements that the presumption of public access turns on what the judge *did*, *not what the parties filed*."  *Id.* at 698 (emphasis added).  "Filing *may* support an inference of influence.  (It suggests at least that the document was at the judge's fingertips.)  But not always …. The public has no right to access [] documents which cannot conceivably aid the understanding of judicial decisionmaking."  *Id.* (emphasis in original).

---

[5] Plaintiffs contend that this argument cannot stand in light of the Court's previous decision on Plaintiffs' motion to compel documents over Defendants' assertion of a peer review privilege. (Dkt. 297, p. 3-4, 12 (citing *Levitin v. Nw. Cmty., Hosp.*, No. 13 C 5553, 2014 WL 5510949 (N.D. Ill. Oct. 31, 2014).).  The Court's decision to compel the production of responsive documents in the discovery context, however, is distinguishable and not controlling in the context of whether the documents shall remain under seal.  Had the Court previously found the documents privileged, it would support maintaining the documents under seal.  But the fact that the documents are not privileged provides no indication as to whether the district court will rely upon the documents in its decision on summary judgment.

5

Here, the district judge has yet to issue a decision on the motions to which the filings at issue pertain. The bearing on the merits of the suit therefore has not been revealed. To engage in guesswork and predict what may or may not "influence or underpin," *Baxter*, 297 F.3d 544 at 545, the district judge's decision at this juncture would fail to serve the end of judicial efficiency. If the district court relies on information this Court assumed it would not, the aggrieved party will immediately move the Court to reconsider its decision and unseal additional documents—an unnecessary use of the Court and the parties' resources. Perhaps more concerning, a determination at present would risk the disclosure of documents that may never need to see the light of day which contain highly sensitive and potentially embarrassing information. Such a premature and unnecessary disclosure could chill the medical peer review process and upset these physicians' careers. Accordingly, the Court finds it premature to definitively determine which documents shall or shall not remain under seal. Once the district court has issued its decision on the pending summary judgment motions, this Court will be well-positioned to determine exactly what information underpinned the ruling and in turn what shall and shall not remain under seal.

## Conclusion

For the reasons set forth above, the Court defers its ruling as to what documents in connection with the pending summary judgment motions shall remain under seal until the district court has issued its ruling on those motions. This matter is set over for status to further address this issue on August 30, 2016 at 10:45am.

**SO ORDERED.**

**ENTERED: August 8, 2016**

_____
M. David Weisman
United States Magistrate Judge