UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YELENA LEVITIN and CHICAGO SURGICAL CLINIC, | ) | |
| | ) | 13 C 5553 |
| Plaintiffs, | ) | |
| | ) | Judge Gary Feinerman |
| vs. | ) | |
| | ) | |
| NORTHWEST COMMUNITY HOSPITAL, ADVANCED SURGICAL ASSOCIATES, ALAN B. LOREN, WILLIAM D. SOPER, and DANIEL R. CONWAY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum Opinion and Order**

Yelena Levitin and Chicago Surgical Clinic, Ltd. filed this suit against Northwest Community Hospital, Advanced Surgical Associates, Alan B. Loren, William D. Soper, and Daniel R. Conway, bringing federal antitrust claims, a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and various state law claims. Doc. 1. The court dismissed the antitrust claims early in the litigation. Docs. 37-38 (reported at 64 F. Supp. 3d 1107 (N.D. Ill. 2014)). After extensive discovery, the court granted summary judgment to Defendants on the Title VII claim and relinquished jurisdiction over the state law claims. Docs. 372-373 (reported at 2016 WL 5404600 (N.D. Ill. Sept. 28, 2016)), *aff'd*, 923 F.3d 499 (7th Cir. 2019). Before the court is Defendants' bill of costs, which seeks $46,498.39 under Civil Rule 54(d). Doc. 398; *see* Doc. 476 (status report, filed at the court's request after the Seventh Circuit's affirmance, Doc. 475, stating that the parties were unable to reach agreement on the bill of costs). With apologies for the delayed ruling, the court awards costs to Defendants in the amount of $19,840.09.

1

## Discussion

Rule 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A court awarding costs must ask first "whether the cost imposed on the losing party is recoverable" under 28 U.S.C. § 1920 and, "if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). Recoverable costs include (1) "[f]ees of the clerk and marshal"; (2) fees for "transcripts necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) docket fees; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago,* 119 F.3d 1286, 1295 (7th Cir. 1997) (internal quotation marks and citation omitted).

## I.      Whether Defendants Are Prevailing Parties

Plaintiffs argue that because Defendants prevailed only on the federal claims, and because the court relinquished jurisdiction over the state law claims, this is essentially a "mixed result" case in which Defendants cannot properly be considered prevailing parties under Rule 54(d). Doc. 414 at 13-14. Plaintiffs are incorrect. Under governing precedent, a defendant is a prevailing party where, as here, the district court "enter[s] judgment on [the plaintiff's] federal claim[] and decline[s] to exercise supplemental jurisdiction over [its] state-law claims,"

even if "the court dismisse[s] [the plaintiff's] state-law claims without prejudice." *Ogborn v. United Food & Com. Workers Union, Loc. No. 881*, 305 F.3d 763, 769-70 (7th Cir. 2002); *see also Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) ("There is no question but that the district court rendered a judgment in defendants' favor by granting their motion for summary judgment on plaintiff's federal claims although practically that apparently constituted only a small part of plaintiff's claims. That the district court declined to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 and dismissed all of plaintiff's remaining state law claims, does not impair the fact that, as far as the federal case was concerned, defendants prevailed.").

## II.    Defendants' Bill of Costs

### A.    Witness Fees

Plaintiffs challenge Defendants' request for $57.83 in "witness" costs associated with Dr. Alexander Bogachkov's attendance at, and travel to, his deposition, Doc. 398 at 3; Doc. 398-1 at 3, arguing that Defendants fail to show that "Bogachkov was reasonably expected to be necessary." Doc. 414 at 18. Section 1920(3) authorizes a prevailing party to recover certain witness-related costs set forth in 28 U.S.C. § 1821. *See Majeske*, 218 F.3d at 825-26. Section 1821 in turn permits "a witness in attendance at any court of the United States … or before any person authorized to take his deposition pursuant to any rule or order of a court" to be paid a $40.00 daily attendance fee, 28 U.S.C. § 1821(a)(1), (b), and certain reasonable travel expenses, *id*. § 1821(c).

The daily attendance fee, as the statutory text makes clear, is appropriate not only when witnesses testify at trial, but also when they appear for a deposition. *See State of Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 865 n.13 (7th Cir. 1981); *SP Techs., LLC v. Garmin Int'l*, 2014 WL 300987, at *6 (N.D. Ill. 2014). The evidence submitted by Defendants to support their

request, consisting of an invoice with the descriptor "Witness fee for deposition" and a "Notice of Deposition," suffices to show that the attendance fee was incurred in connection with Bogachkov's attendance at a deposition, thereby entitling him to $40. Doc. 398-2 at 236; Doc. 430-1. And given the extremely broad factual and legal scope of Plaintiffs' claims, Defendants could have reasonably expected that Bogachkov's testimony would be pertinent to the case.

Plaintiffs' objection to the $17.83 in Bogachkov's travel expenses, Doc. 414 at 17, is sustained. Defendants' reply brief, which notes (correctly, though irrelevantly) only that bickering over such a relatively small sum is inappropriate and that Plaintiffs' counsel received a copy of the Amended Notice of Deposition, is not responsive to Plaintiffs' objection, and Defendants provide no other evidence illuminating the provenance of the $17.83 figure or any means of determining whether it is reasonable. Doc. 430 at 7. Defendants therefore are awarded only $40 in witness costs associated with the Bogachkov deposition.

### B.    Fees for Service of Summons and Subpoenas

Plaintiffs object to Defendants' request for $139.40 in fees charged by private process servers for serving two subpoenas, Doc. 398-1 at 2; *see* Doc. 398-2 at 236, 438, arguing that Defendants fail to show that they were reasonable or that serving the subpoenas was necessary, Doc. 414 at 15-16. Defendants' reply does not address those objections, explaining (again, correctly but irrelevantly) that doing so would "be a waste of client resources and [an] excessive demand of this Court's valuable time." Doc. 430 at 7 & n.4. Plaintiffs' objection accordingly is sustained. *See Stollings v. Ryobi Techs., Inc.*, 2015 WL 4100479, at *1 (N.D. Ill. July 6, 2015) ("By admitting, either affirmatively or by failing to argue the point, that these costs are not recoverable, Stollings has forfeited any claim he might otherwise have had to their recovery.").

### C.      Fees for Exemplification and Copying

Plaintiffs object to the "cryptic entries" and invoices that Defendants provide to support their request for $10,172.92 in photocopying costs, arguing that Defendants fail to demonstrate that all copying for which they seek reimbursement was "reasonably necessary." Doc. 414 at 18-19 & n.3. In response, Defendants argue that Plaintiffs' request for a "document-by-document explanation of necessity" is inappropriate. Doc. 430 at 4.

Section 1920(4) provides that a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." In *National Organization for Women, Inc. v. Scheidler*, 750 F.3d 696 (7th Cir. 2014), the Seventh Circuit held that to show that the cost of transcripts or photocopies were necessary, "[n]o statute or rule requires" a prevailing party to do anything more than submit under 28 U.S.C. § 1924 an affidavit "made by himself or his duly authorized attorney or agent having knowledge of the facts, that [the costs sought are] correct and [have] been necessarily incurred in the case." *Id*. at 698. "No sensible legal system," the Seventh Circuit explained, "requires parties to waste $60 of lawyers' time to explain spending $6 on making a copy of something." *Ibid*.

Thus, if the prevailing party provides an affidavit averring that its photocopying and transcript costs were necessary, a court must take the party at its word—within reason, of course. *See In re Text Messaging Antitrust Litig.*, 2014 WL 4343286, at *2 (N.D. Ill. Sept. 2, 2014) (rejecting the plaintiffs' objection that Defendants failed to provide detail regarding "what was copied, the costs per page, and the number of copies"). Because Defendants provide an affidavit averring that their bill of costs is a "true and accurate accounting[] of the costs that were reasonably and necessarily incurred by the Defendants in the defense of Plaintiffs' claims in this

matter," Doc. 398-2 at ¶ 2, and because $10,172.92 in photocopying costs was not on its face

unreasonable given the scope and breadth of this highly contested litigation—yielding

374 docket entries through judgment—Plaintiffs' omnibus objection to Defendants'

photocopying costs is overruled.

Still, the court must ensure that the costs sought per page is reasonable. Judges in this

District routinely grant copying costs of up to $0.20 per page. *See Allen v. City of Chicago*, 2013

WL 1966363, at *4 (N.D. Ill. May 10, 2013); *Pugh v. Bd. of Educ. of Chi.*, 2012 WL 5199629, at

*4 (N.D. Ill. Oct. 22, 2012); *Kaplan v. City of Chicago*, 2009 WL 1940789, at *4 (N.D. Ill.

July 6, 2009); *Grayson v. City of Chicago*, 2003 WL 22071479, at *2 (N.D. Ill. Sept. 3, 2003).

And color copying costs of up to $1.00 per page have been approved. *See Neuros Co. v.

KTurbo, Inc.*, 2011 WL 3841683, at *5 (N.D. Ill. Aug. 25, 2011). The vast majority of the

photocopying costs set forth in Defendants' invoices and bills, Doc. 398-2 at 11-414, 426,

429-36, 439-40, fall within these ranges and are thus compensable.

There are some exceptions. Several invoices simply indicate the total cost of a particular

photocopying job, rendering impossible any determination of whether the cost per page was, in

fact, reasonable. Doc. 398-2 at 53, 126, 137, 147, 171, 236, 262. Plaintiffs' objections to those

costs are sustained. *See Wells v. Johnson*, 2012 WL 3245955, at *1 (N.D. Ill. Aug. 6, 2012)

("Because Defendants do not state how many copies were made, the court is unable to determine

the reasonableness of those costs. Accordingly, those costs are disallowed."). Plaintiffs'

objection to the costs associated with copying costs for Dr. Jonathan Burrough's deposition

transcript, Doc. 398-2 at 354, is sustained as well, as that transcript will be compensated as part

of Defendants' deposition costs, Doc. 398 at 3.

6

Nor may Defendants recover costs for custom tabs, binders, "Image Capture-B/W - Auto Run," "Light Litigation," "Light Litigation Scans," DVD copies, or 3-hole insert tabs. Doc. 398-2 at 149, 426, 430-436. Costs for tabs, binders, and DVD copies are not recoverable. *See Wilson v. Career Educ. Corp.*, 2016 WL 1719770, at *5 (N.D. Ill. Apr. 29, 2016); *U.S. Fid. & Guar. Co. v. Shorenstein Realty Servs., L.P.*, 803 F. Supp. 2d 920, 925 (N.D. Ill. 2011); *FMS, Inc. v. Volvo Constr. Equip. N. Am., Inc.*, 2009 WL 1851136, at *3 (N.D. Ill. June 29, 2009); *Brown v. City of Chicago*, 2009 WL 723390, at *2 (N.D. Ill. Mar. 11, 2009). And because Defendants provide no explanation for what "Light Litigation" refers to, costs for that expenditure are disallowed. The only line items for which Defendants can recover in that set are 3,348 pages of "B/W Printing, Clip/Staple" at $0.12 per page, 1,649 pages of "8 1/2 x 11 B/W Printing 3-hole insert tabs," and 388 pages of "Printing: 8.5 x 11 B/W" at $.10 per page. Doc. 398-2 at 430, 436, 440.

Accordingly, Defendants are entitled to recover $5,554.49 of the $10,172.92 they seek for photocopying costs.

### D. Fees for Printed or Electronically Recorded Transcripts

Defendants seek to recover $8,967.75 for deposition and transcript costs. Doc. 398 at 2. Plaintiffs object, arguing that Defendants fail to show that the depositions were reasonably necessary. Doc. 414 at 21-22. However, the Seventh Circuit's affirmation in *Scheidler* of a prevailing party's ability to demonstrate necessity via a Section 1924 affidavit extends to deposition transcripts:

> Parts of plaintiffs' brief propose that the [Section 1924] affidavit go through the record to demonstrate why *each transcript* … was necessary. That would be preposterous. … We have understood § 1920 as requiring no more than that the transcripts … be reasonably and prudently obtained—which depends on how things seemed when the expenditures were made, without the benefit of hindsight. … And [defendants] verified the reasonableness of these outlays

> by paying themselves, knowing that they would have to bear every penny
> unless they won in the end.

750 F.3d at 698-99.  As noted, Defendants aver that all expenses provided in their bill of costs were "reasonable and necessary."  Doc. 398-2 at ¶ 2.  Moreover, based on an independent review of the depositions for which Defendants seek reimbursement, the court concludes that, given the broad scope of this case, taking those depositions and obtaining deposition transcripts were reasonably necessary.

That said, Local Rule 54.1(b) states that "the costs of [a] transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States … in effect at the time the transcript or deposition was filed[,] unless some other rate was previously provided for by order of court."  At all relevant times, the Judicial Conference's rate was $3.65 per page, *see Harney v. City of Chicago,* 702 F.3d 916, 927 (7th Cir. 2012); *Pugh*, 2012 WL 5199629, at *3; *Nicholson v. Allstate Ins. Co.,* 2012 WL 1192077, at *1 (N.D. Ill. Apr. 10, 2012), and no order allowing for a higher rate was entered in this case.  This $3.65 page rate is applied to the total costs charged for the original transcript itself as well as the court reporter's appearance fee.  *See Serwatka v. City of Chicago,* 2011 WL 2038725, at *1 (N.D. Ill. May 24, 2011); *Rogers v. City of Chicago,* 2002 WL 423723, at *3 (N.D. Ill. Mar. 15, 2002) ("The Judicial Conference rate allowed for original deposition transcripts … covers *all costs* of transcript production.").  And a prevailing party may also recover costs for obtaining copies of deposition transcripts at a rate of $0.90 per page.  *See Bellamy v. City of Chicago*, 2017 WL 3675729, at *18 (N.D. Ill. Aug. 25, 2017); *Chapman v. Wagener Equities, Inc.*, 2017 WL 2973420, at *2 (N.D. Ill. July 12, 2017).

The bulk of the deposition costs for which Defendants seek reimbursement reflect page rates equal to or less than the allowable rate.  Doc 398-2 at 354, 416, 418, 444, 446, 448, 450,

452, 454, 458, 460. The costs sought for two depositions must be reduced to comply with the allowable rate. Doc. 398 at 2-3; Doc 398-2 at 442 ($179.35 requested for one original and one copy of a 19-page transcript, so Defendants are instead awarded $86.45); Doc. 398-2 at 456 ($489.60 requested for one original and one copy of a 104-page deposition transcript, so Defendants are instead awarded $473.20).

Finally, the court sustains Plaintiffs' objections to costs associated with (1) depositions for which no page length is provided and (2) videography for Levitin's deposition. Doc. 414 at 22-23. Without information regarding the page length of a deposition, it is impossible to determine whether the costs Defendants seek comply with the allowable rate. Doc 398-2 at 10, 98, 171, 262; *see* Doc. 398 at 2-3. And Defendants' reply brief—which highlights the fact that this court relied on a transcript of Levitin's deposition in its summary judgment opinion, Doc. 373 at 9-10, 12, 29—fails to explain why it was reasonable and necessary for them to incur costs associated with videotaping the deposition. Doc. 430 at 8. Given this, Defendants cannot recover costs associated with videorecording that deposition. Doc 398-2 at 171, 428; s*ee* Doc. 398 at 2; *Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, 2016 WL 316865, at *3 (N.D. Ill. Jan. 26, 2016); *Vought v. Teamsters Gen. Union Loc. No. 662*, 2008 WL 3981989, at *11 (E.D. Wis. Aug. 22, 2008).

In sum, Defendants may recover $2,789.75 for printed or electronically recorded transcripts.

### E. E-Discovery Costs

Defendants seek $4,837.62 in e-discovery costs. In support, Defendants submit three invoices that include entries for "Blowbacks," "Pre-Discovery (Price per Gigabyte of Stores)," "E Discovery - Post Production - Export to Tiff," and "Tiff Production Sets and PDF Production

Sets." Doc. 398-2 at 419-424. Plaintiffs object, arguing that e-discovery costs are not recoverable under Rule 54(d). Doc. 414 at 18. In their reply, Defendants suggest, Doc. 430 at 4-5, that they should be permitted to recoup these costs because *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009), allows prevailing parties to recover the cost of "converting computer data into a readable format." *Id*. at 591.

Defendants' reading of *Hecker* is overbroad. As district courts have consistently held, "converting computer data into a readable format" encompasses *only* the process of converting electronic information into TIFF or PDF files, and perhaps the process of parsing PDF and TIFF files so that they can be searched for words and characters. *See Intercontinental Great Brands*, 2016 WL 316865, at *6-7 (collecting cases). *Hecker* thus permits two of the categories of e-discovery for which Defendants seek recovery: "Tiff production sets and PDF Production Sets" and "Post Production Export to Tiff." Doc. 398-2 at 420, 422; *see Johnson v. Allstate Ins. Co.*, 2012 WL 4936598, at *7 (S.D. Ill. Oct. 16, 2012) ("Cost-shifting for the creation of TIFF images is allowed by *Hecker's* general rule that data conversion and the creation of easily searchable file formats for discovery-related purposes is compensable."). Both requests are granted, for a total of $1,293.02.

Blowbacks, which are paper prints of electronically produced documents, are recoverable despite not being addressed in *Hecker*. When determining the reasonableness of this cost, courts apply the accepted costs per page for photocopies ($0.20 in this District). *See Intercontinental Great Brands*, 2016 WL 316865, at *7; *Warner Chilcott Labs. Ireland Ltd. v. Impax Labs., Inc.*, 2013 WL 1876441, at *11-12 (D.N.J. Apr. 18, 2013). Because the blowbacks cost only $0.13 per page, Doc. 398-2 at 424, Defendants' request for $1,600.56 is granted.

Finally, because Defendants provide no explanation for what is meant by "Pre-Discovery (Price per Gigabyte of Stores)," the court has no means of determining if it falls within *Hecker*'s scope. The request therefore is denied.

In sum, Defendants are permitted to recover a total of $2,893.58 for e-discovery costs.

**F.    Expert Costs**

Finally, Defendants seek expert deposition fees and costs in the amount of $22,462.27. Doc. 398 at 4. The backdrop of this request is a bit complex. Plaintiffs moved under Rule 26(b)(4)(E) to compel Defendants to reimburse them for the reasonable fees that three of Plaintiffs' experts incurred in preparing for and giving their depositions. Doc. 311; *see* Fed. R. Civ. P. 26(b)(4)(E)(i) ("Unless manifest injustice would result, the court must require that the party seeking discovery … pay the [opposing party's] expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)."). In response, Defendants argued that because Plaintiffs had thus far failed to pay for Defendants' experts under Rule 26(b)(4)(E), and "[t]o finally end this dispute without the necessity of further Court involvement," the court should "enter an Order permitting Defendants to offset the amount of the Defendants' reasonable expert fees against the amount of reasonable expert fees this Court requires Defendants to compensate Plaintiffs' expert[s] for their deposition." Doc. 323 at 6. The Magistrate Judge granted Plaintiffs' motion, ordering the parties to "file simultaneous submissions regarding experts' fees and costs," including "a summary of *and the basis for* the amounts the party believes its respective experts are entitled to from the opposing party, a summary of and *the basis for* the amounts the party believes it owes the opposing party's expert(s), and any reason(s) for the dispute(s) as to the calculations," and stating that "[t]hereafter, the Court will issue an

order specifically allocating the compensation of experts' fees and costs among the parties." Doc. 328 (emphasis added).

Defendants filed a two-page submission, Doc. 334, while Plaintiffs' submission was far more robust, Doc. 333. The Magistrate Judge awarded Plaintiffs $21,857.55, Doc. 390, just over half of the $35,282.55 they had requested, Doc. 333 at 9. Justifiably disappointed with Defendants' meager presentation, the Magistrate Judge awarded Defendants nothing, explaining: (1) "unlike plaintiffs' experts, defendants' experts did not deduct from their bills the time they spent strategizing with counsel, though the parties agreed to make those deductions"; and (2) "defendants have offered no affidavits or other evidence to support the reasonableness of the rates their experts charged." Doc. 390 at 3. The Magistrate Judge gave Defendants fourteen days to pay Plaintiffs the $21,857.55 award. *Ibid.* The Magistrate Judge then extended the time for Defendants to make that payment until the undersigned's resolution of Defendants' bill of costs. Doc. 399.

Defendants object under Civil Rule 72 to the Magistrate Judge's order. Doc. 397. The objections are overruled in part and sustained in part. The objections are sustained insofar as the Magistrate Judge awarded Defendants nothing under Rule 26(b)(4)(E), Plaintiffs agreed to pay $8,562.27. Doc. 333 at 9-10. The objections otherwise are overruled. The hourly rates to which Plaintiffs agreed were one expert's requested rate ($500/hour) and the rate that the other expert's counterpart on Plaintiffs' side charged ($300/hour). Doc. 333 at 4, 9 & n.5. Although the second expert asked for $600/hour, Defendants offered the Magistrate Judge no persuasive rationale for that rate. Doc. 397 at 3 n.3; Doc. 334 at 2. As for the compensable hours expended by the experts, the amount Plaintiffs agreed to pay encompassed (1) the time Defendants' experts spent at their depositions plus (2) the preparation time that could be ascertained as not including

strategizing with counsel.  Doc. 333 at 4-10; *see LK Nutrition LLC v. Premier Research Labs, LP*, 2015 WL 4466632, at *3 (N.D. Ill. July 21, 2015) (explaining that, "[i]n the absence of a sufficiently detailed explanation of the appropriateness of the time spent on deposition preparation, the court may deny reimbursement") (alteration in original) (internal quotation marks omitted); *ibid.* ("By the experts' own admissions, some of their preparation time was spent conferring with LK Nutrition's attorneys or getting coffee.  That time should be excluded."); *Waters v. City of Chicago*, 526 F. Supp. 2d 899, 901 (N.D. Ill. 2007) ("This Court eliminates from [plaintiff's expert's] claim only the one hour that his time records show he spent in telephone conversations with [plaintiff's] counsel before the deposition.").  Indeed, Defendants did not object to excluding time spent preparing with counsel.  Doc. 397 at 3.  And the preparation time for which Plaintiffs agreed to pay was a reasonable (and the only) estimate of compensable time provided to the Magistrate Judge.

Accordingly, Defendants are awarded $8,562.27 in expert costs.  That Defendants made a more robust showing in their bill of costs regarding the $600 hourly rate requested by one of their experts and the compensable preparation time spent by both experts is too little, too late. The forum to have made that showing was before the Magistrate Judge as part of his resolution of the parties' Rule 26(b)(4)(E) disputes, and Defendants cannot get a second bite of the apple in connection with their Rule 54(d) bill of costs.

### Conclusion

Plaintiffs' objections to Defendants' bill of costs are sustained in part and overruled in part.  Defendants' bill of costs is granted in part and denied in part, and Defendants' objection to the Magistrate Judge's Rule 26(b)(4)(E) order is granted in part and denied in part, resulting in a

cost award to Defendants of $19,840.09. That amount, of course, must be offset by the

Magistrate Judge's Rule 26(b)(4)(E) award to Plaintiffs, which Defendants do not challenge.

December 27, 2022

_____
United States District Judge